UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIA MILLAN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>FCA US LLC, and DOES 1 through 20,<br><br>　　　　　　　　　Defendants. | Case No.:  20cv328 JM (MDD)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Plaintiff Lucia Millan ("Plaintiff") moves to remand the instant case to the Superior Court of California for the County of San Diego.  (Doc. No. 5-1.)  Defendant FCA US ("FCA") opposes. (Doc. No. 8.)  The motion has been briefed and the court finds it suitable for submission without oral argument in accordance with Civil Local Rule 7.1(d)(1).  For the below reasons, Plaintiff's motion is **GRANTED**.

**I.　　BACKGROUND**

According to her Complaint, on November 8, 2013, Plaintiff purchased a new 2014 Jeep Cherokee.  (Doc. 1-3 ¶ 5.)  The vehicle was manufactured and distributed by FCA. (*Id.* ¶ 5.)  On at least 11 occasions thereafter, Plaintiff sought to get the vehicle repaired because of a variety of defects and malfunctions.  (*Id.* ¶¶ 10-11.)

On November 13, 2019, Plaintiff filed her Complaint against FCA in San Diego Superior Court alleging violations of the Song-Beverly Consumer Warranty Act, CAL. CIV. CODE §§ 1790-1795.8, including breach of the implied warranty of merchantability and breach of an express warranty. (Doc. No. 1-3 at 8-11.) Plaintiff also brought a claim for negligent repair against the dealership. (*Id.* ¶¶ 36-41.)

On February 3, 2020, the dealership was dismissed as a co-defendant. (Doc. No. 1 ¶ 3.) On February 20, 2020, FCA filed a Notice of Removal based on diversity jurisdiction. (*Id.*) On April 6, 2020, Plaintiff filed the instant Motion to Remand. (Doc. No. 5-1.)

## II.   LEGAL STANDARDS

Civil cases not arising under federal law are removable to federal court only if each plaintiff's citizenship is different from each defendant's citizenship, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court.").

## III.   DISCUSSION

In her Complaint, Plaintiff states the amount in controversy exceeds $25,000 exclusive of interest and costs. (Doc. No. 1-3 ¶ 14.) Plaintiff seeks actual, incidental, and consequential damages, as well as attorneys' fees. (*Id.*) Plaintiff also seeks a civil penalty in an amount not to exceed two times her actual damages. (*Id.* ¶ 32.) Because it is not facially evident from the Complaint that the amount in controversy exceeds $75,000, it is FCA's burden to prove, by a preponderance of the evidence, that the amount in controversy

exceeds the $75,000 jurisdictional threshold.[1] *See Matheson*, 319 F.3d at 1090. In its Notice of Removal, FCA states the amount in controversy exceeds $75,000 because: (1) the installment contract for the vehicle indicates a total sales price of $40,958.75; (2) Plaintiff seeks a civil penalty of up to two times the actual damages; and (3) Plaintiff seeks attorneys' fees, which should be estimated at more than $60,000. (Doc. No. 1 ¶¶ 16, 20.) FCA argues that Plaintiff is therefore seeking $122,876.25 in damages, excluding attorneys' fees. (*Id.* ¶ 18.) For the below reasons, doubt exists as to whether the amount in controversy exceeds $75,000.

### A. Actual Damages

Under the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer." CAL. CIV. CODE § 1793.2(d)(2)(B)-(C). This includes a mileage offset. *See id.* at § 1793.2(d)(2)(C) (amount attributable to use by buyer is determined "by multiplying the actual price of the new motor vehicle . . . . by a fraction having as its denominator 120,000 and its numerator, the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle . . . . for correction"). Here, the installment contract attached to FCA's Notice of Removal shows that the purchase price of the vehicle was $40,958.75 to be paid with $3,500 down and monthly payments of $499 beginning in December 2013 and ending in February 2020. (Doc. No. 1-3 at 76.) FCA provides no proof that Plaintiff paid $40,958.75 towards the vehicle at the time she filed suit on November 13, 2019. FCA also provides no information regarding the vehicle's use or condition. *See Petropolous v. FCA US, LLC*, No. 17-CV-0398 W (KSC), 2017 WL 2889303, at *6 (S.D. Cal. July 7, 2017) (recognizing the mileage offset for

---

[1] FCA states that at the time of filing Plaintiff was a citizen of California, and FCA was incorporated in Delaware and maintained its principal place of business in Michigan. (Doc. No. 1 ¶¶ 11-12.) FCA does not dispute, nor does there appear to be any dispute, that complete diversity exists between the parties.

damages under the Song-Beverly Act); *Ferrer v. FCA US LLC*, Case No.: 17-CV-0530-AJB-BGS, 2017 WL 2875692, at *3 (S.D. Cal. July 6, 2017) (including the full value of the installment contract in the amount in controversy, but applying a mileage offset); *Kotulski v. FCA US LLC*, Case No.: 17-CV-0527-AJB-BGS, 2017 WL 2705429, at *3 (S.D. Cal. June 23, 2017) (same). Accordingly, it is unclear whether the full amount of $40,958.75 is in controversy.

### B. Civil Penalty

In her Complaint, Plaintiff alleges "[t]he failure of Defendants . . . . to refund the price paid and payable or to replace the [v]ehicle was intentional and justifies an award of a [c]ivil [p]enalty in an amount not to exceed two times Plaintiff's actual damages." (Doc. 1-3 ¶ 32.) In addition to the full $40,958.75 purchase price of the vehicle, FCA argues that a civil penalty in the amount of $81,917.50 should be added to the amount in controversy, for a total of $122,876.25 excluding attorneys' fees. (Doc. No. 1 ¶¶ 16, 18.)

Courts in this district have found that bare allegations that civil penalties are available in Song-Beverly Act cases are insufficient to establish the requisite amount in controversy. *See Castillo v. FCA USA, LLC*, Case No.: 19-CV-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) ("Absent any specific argument or evidence for its inclusion, the Court will exclude the civil penalty under California Civil Code § 1794(c) from its amount-in-controversy calculation."); *Herko v. FCA US, LLC*, Case No.: 19-CV-2057 JLS (WVG), 2019 WL 5587140, at *2 (S.D. Cal. Oct. 30, 2019) ("Because Defendant makes no effort to demonstrate that civil penalties are warranted in this case, it has failed to demonstrate the amount-in-controversy requirement is met."); *McCormack v. Chrysler Grp., LLC*, Case No.: 18-CV-1387 W (KSC), 2018 WL 5262982, at *2 (S.D. Cal. Oct. 23, 2018) ("Where a removing defendant seeks to satisfy the amount in controversy by relying on an assumption that punitive damages or civil penalties will be awarded, district courts have required the defendant to justify the assumption."); *Zawaideh v. BMW of North America*, Case No.: 17-CV-2151 W (KSC), 2018 WL 1805103, at *3 (S.D. Cal. Apr. 17, 2018) (remanding the case because the defendant failed to identify an allegation in the

complaint justifying a civil penalty, and because the defendant failed to submit evidence regarding the size of civil penalties awarded in analogous cases); *Blackburn v. FCA US LLC*, Case No.: 16cv1507 AJB (WVG), 2016 WL 4191049, at *2 (S.D. Cal. Aug. 8, 2016); *but see Luna v. BMW of N. Am., LLC*, Case No.: 3:17-cv-02067-BEN-KSC, 2018 WL 2328365, at *4 (S.D. Cal. May 22, 2018) (including, without discussion, the civil penalty in the $50,000 amount in controversy required under the Magnuson-Moss Warranty Act); *Khan v. Jaguar Land Rover N. Am., LLC*, Case No. 18-cv-0389 DMS (WVG), 2018 WL 7286509, at *2 (S.D. Cal. Apr. 11, 2018) (same); *Locher v. Thor Motor Coach, Inc.*, Case No.: 3:17-cv-01804-GPC-MDD, 2017 WL 6016114, at *4 (S.D. Cal. Dec. 5, 2017) (finding "it is more likely than not that the sum of a double damages award and attorneys' fees, in addition to [plaintiff's] actual damages, will exceed $10,000"); *Petropolous*, 2017 WL 2889303, at *6 (including, without discussion, the full civil penalty in the amount in controversy); *Ferrer*, 2017 WL 2875692, at *3 (finding that courts, as a matter of law, apply the maximum amount of civil penalties available to plaintiff) (citations omitted); *Kotulski*, 2017 WL 2705429, at *3 (same).  Here, FCA provides no specific argument for the inclusion of a civil penalty in the amount in controversy.  FCA merely argues that the full civil penalty should be included because a civil penalty is available under the statute and because Plaintiff seeks a civil penalty in her Complaint. (Doc. No. 8 at 5-6.)  FCA provides no proof regarding the likelihood of a civil penalty being awarded in this case, or that the full civil penalty would be applied.  Accordingly, FCA has failed to meet its burden of showing that the full civil penalty available under the Song-Beverly Act should be included in the amount in controversy.

      **C.    Attorneys' Fees**

With respect to attorneys' fees, FCA argues that under *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002), the court "may also consider the reasonable estimate of fees in this case as part of the amount in controversy analysis" and notes that "Plaintiff's Complaint prays for attorney fees in multiple places." (Doc. No. 1

at 7-8.) FCA also argues that in Song-Beverly Act cases "plaintiffs' attorneys regularly request more than $65,000 in . . . . cases tried or prepared for trial." (*Id.* at 8 n.1.)

In *Brady*, the court relied on a declaration by the plaintiff's counsel that his rate was $300 per hour and had billed $5,000 at the time of removal, as well as a declaration by the vehicle manufacturer detailing fee awards in similar cases, several of which were over $60,000. 243 F. Supp. 2d at 1011. Here, FCA provides no estimate as to Plaintiff's attorneys' fees in this case that have accrued or will accrue. Merely alleging that other attorneys have "requested" amounts greater than $65,000 in cases tried or prepared for trial provides little, if anything, upon which the court can rely, at this early stage in the litigation, to estimate the attorneys' fees that could possibly be awarded in a comparable Song-Beverly Act case. Without making some effort to set forth the value of attorneys' fees Plaintiff is expected to incur, or that Plaintiff has incurred, FCA has failed to meet its burden of showing that the amount of attorneys' fees at issue satisfies the amount in controversy. *See Castillo*, 2019 WL 6607006, at *2; *Herko*, 2019 WL 5587140, at *2; *see also Stelzer v. CarMax Auto Superstores California, LLC*, No. 13-CV-1788-LAB-JMA, 2013 WL 6795615, at *6 (S.D. Cal. Dec. 20, 2013) (stating that the court was inclined to find that attorneys' fees incurred after the date of removal should not be included in the amount in controversy); *Wastier v. Schwan's Consumer Brands*, No. 07CV1594, 2007 WL 4277552, at *3 (S.D. Cal. Dec. 5, 2007) (finding that attorneys' fees "for activities anticipated but not yet performed, even if accurate," may be "irrelevant" to the amount in controversy, and in any event, should not be included because the estimate was "speculative, lacked evidentiary support, and was conclusory at best").

## IV.    CONCLUSION

Overall, FCA essentially argues that because Plaintiff seeks a civil penalty and attorneys' fees under the Song-Beverly Act, and because those amounts are available under the statute, there is no doubt that the amount in controversy is met and this court possesses subject matter jurisdiction. This is insufficient to meet FCA's burden of proving that removal was proper. Therefore, and for the foregoing reasons, Plaintiff's Motion to

1  Remand is **GRANTED**. The case is **REMANDED** to the Superior Court of California for
2  the County of San Diego. FCA's motion for leave to amend its Answer (Doc. No. 15) is
3  **DENIED AS MOOT**. The Clerk of the Court is directed to close the case.

  IT IS SO ORDERED.          *signature* for
DATED: July 2, 2020.
                            _____
                            JEFFREY T. MILLER
                            United States District Judge